IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


STEVE OLDHAM                                                                              PLAINTIFF

VS.                                    CASE NO. 4:04CV111SWW/HDY

WHITE COUNTY JAIL                                                               DEFENDANT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such  a  hearing is granted)  was  not  offered at  the

1

hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite 402
        Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on defendant's motion for summary judgment (DE #39).

Plaintiff has filed a response in opposition to the motion (DE #54), and defendant has filed a reply

(DE #56).

Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the

White County Jail, based on his conditions of confinement at the Jail from December, 2003-

February, 2004.  Specifically, plaintiff, a below-the-knee amputee, alleged that Denise Whaley, a

sergeant at the Jail, was deliberately indifferent to his health and safety needs by placing him in areas

of the Jail which were unsanitary and inaccessible to his handicap.  Plaintiff later amended his

complaint to include an allegation against defendant Jail that his conditions violated the Americans

With Disabilities Act (ADA), because he was not provided with a handicapped-accessible shower.

2

Following a Pre-Jury Hearing, plaintiff's civil rights allegations against defendant Whaley were dismissed (DE #31).  This Court then appointed counsel to represent plaintiff and this action was set for a jury trial.  Defendant then filed the present motion for summary judgment, stating that plaintiff can not support a claim against it pursuant to the ADA, and that plaintiff does not support a claim for damages suffered.

## II.  Summary Judgment Motion

A.  Defendant's Motion

In support of its motion, defendant states that in order to support a violation of Title II of the ADA, plaintiff must show: 1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) such exclusion, denial of benefits, or other discrimination , was by reason of his disability, citing Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998).  Defendant states that plaintiff was never denied a service at the Jail, because the Jail provides a separate shower facility which is accessible to handicapped individuals.  Defendant states that because of safety concerns, handicapped-accessible features such as bars along the walls of the general populations cells, are not penologically advisable because inmates routinely tear fixtures from the wall and fashion them into weapons.   Defendant states that the provision of the separate shower facility is a "reasonable accommodation."

Defendant also states that plaintiff failed to plead or prove any discriminatory intent or animus on its part, as required by a number of circuits.  Although the Eighth Circuit Court of Appeals has not yet ruled on this issue, defendant notes that the Western District of Arkansas held that a showing of intentional discrimination is necessary before compensatory damages may be

recovered in a Title II case.  See Matthews v. Jefferson, 29 F.Supp.2d 525, 534-36 (1998).  In addition, defendant states that a claim for punitive damages is not available from defendant, as White County is immune from punitive damages under Arkansas law.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

B.  Plaintiff's Response

In his response, plaintiff states that summary judgment is inappropriate, because it is an issue of fact whether penological concerns should preclude the installation of handrails in showers for amputees.  Plaintiff also states that whether or not defendant's separate shower facility is a reasonable accommodation is also an issue of fact, since it did not prevent plaintiff from being injured in his cell.

C.  Defendant's Reply

In its reply, defendants state that plaintiff has failed to comply with Local Rule 56.1 by failing to include a separate statement of material indisputable facts.  Defendant notes that the Rule further provides that "all material facts set forth in the statement filed by the moving party ... shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Pursuant to these Rules, defendant states that no dispute of material fact exists since plaintiff failed to counter the County's list of indisputable facts, which should now be deemed admitted.

D.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories,

4

and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact." <u>Webb v. Lawrence County</u>, 144 F.3d 1131, 1134 (8th Cir. 1998).

"Once the moving party has met this burden, the non-moving party cannot simply rest on mere

denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing

that there is a genuine issue for trial." <u>Id</u>. at 1135.   Although the facts are viewed in a light most

favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-

movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those

facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

E.  Analysis

        In reviewing this case pursuant to the statutory factors set forth by the defendants in their

motion, the Court notes initially that it is not disputed by the parties that plaintiff is a qualified

individual with a disability, within the meaning of the ADA.   Therefore, the Court must then

consider whether plaintiff was denied the benefits of the defendant's services or was otherwise

discriminated against by the entity by virtue of his disability.   In looking at  whether plaintiff was

denied any benefits by taking a shower in his cell without handrails or other accommodations, the

Court notes that plaintiff has not rebutted or disputed defendant's statement of material indisputable

facts that it provided a separate shower area accessible for handicapped inmates and that all jailers

were trained to instruct disable inmates with regard to the shower policy. [1]   In fact, plaintiff has

_____

        [1]Local Rule 56.1 of the Rules for the Eastern and Western Districts of Arkansas, provides
in part as follows:
        (a) Any party moving for summary judgment pursuant to Rule 56 of the Federal Rules of
Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the
material facts as to which it contends there is no genuine issue to be tried.
        (b) If the non-moving party opposes the motion, it shall file, in addition to any response
and brief, a separate, short and concise statement of the material facts as to which it contends a

never denied that such an area existed, only that he was not made aware of the separate facility.  <u>See</u> the September 23, 2004 Proposed Findings & Recommendation following the Pre-Jury Hearing (DE #29).   In light of such, the Court must conclude that there is no material dispute of fact that plaintiff was <u>not</u> denied the benefit of a handicapped-accessible shower by the defendant.

The Court also accepts defendant's reasons for not providing handrails in the general population shower cells, due to legitimate penological concerns.  While plaintiff insists that such a determination is a factual issue for the jury, he offers no reasons or evidence to dispute defendant's concerns for safety as a result of placing metal bars in every cell which potentially could be removed by inmates and fashioned into weapons.  In light of such, the Court finds that defendant's use of separate shower facilities for handicapped individuals constitutes a reasonable accommodation of its facilities.

Next, the Court must consider whether plaintiff has adequately pleaded discriminatory animus or intent on the part of the defendant, which has been held to be a prerequisite to recovery of compensatory damages in Title II ADA lawsuits.   As noted by the defendant, while the Eighth Circuit has not yet ruled on the issue of discriminatory intent, the district court in <u>Matthews v. Jefferson</u>, 29 F.Supp.2d 525, 534-6 (W.D.AR 1998) held that such a showing must be made in order to recover compensatory damages in a Title II lawsuit.  In this particular case, plaintiff has never alleged that defendant intended to discriminate against him.  In fact, plaintiff's allegations appear to be more that defendant was negligent in not providing handrails in the general population cells.

genuine issue exists to be tried.
(c) All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b).

Again, plaintiff fails to counter defendant's statement of indisputable material fact that a separate shower area was provided for all handicapped inmates.

Therefore, the Court finds no material dispute of fact concerning the provision of handicapped-accessible shower facilities to the plaintiff by the defendant; nor is there a dispute that defendant did not intentionally discriminate against plaintiff based on his disability.  In light of such, the Court finds that defendant is entitled to judgment as a matter of law, and that plaintiff's complaint against defendant should be dismissed.   Accordingly,

IT IS, THEREFORE, RECOMMENDED that defendant's motion for summary judgment (DE #39) be GRANTED and plaintiff's complaint against defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this __2___ day of __November____, 2005.


_____
United States Magistrate Judge